must be done with extreme reluctance because of the undue emphasis given to the introduced evidence with consequent distortion of the evidence as a whole and the possibility that such prejudice will result to the other party as to require a mistrial." 281 F.2d at 818.

There was no abuse of discretion on the part of the Trial Court here. Accordingly, this contention is devoid of merit.

Affirmed.

City, Mo., on the brief, for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1] *See* Smedberg v. United States, 5th Cir., 1971, 448 F.2d 401.

---

**Hiristo Elias NACI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–2180**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1971.

**T. I. L. SPORTSWEAR CORPORATION, Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner.**

**No. 71–1986.**

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1971.

Hiristo Elias Naci, pro se.

Julie Cooper, and Gary Eldredge, assisted by The Legal Assistance to Inmates Clinic, University of Missouri at Kansas City, School of Law, Kansas

Taylor B. Smith, Columbus, Miss., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel., N. L. R. B., Washington, D. C., John J. A. Reynolds, Region Director, 26th Region, N. L. R. B., Memphis, Tenn.,

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al, 5th Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

John D. Burgoyne, Atty., N. L. R. B., Washington, D. C., for respondent.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Enforced.   See Local Rule 21.[1]

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rene VALDEZ, Defendant-Appellant.**

**No. 30554.**

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1971.

Shaya Estrumsa, Miami, Fla. (court appointed) for Roca-Alvarez.

Gino P. Negretti, Miami, Fla., for Valdez.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Harold F. Keefe, Asst. U. S. Attys., Miami, Fla., for plaintiff appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this appeal the sole issue is whether the trial judge abused his discretion in denying Valdez' motion to withdraw his plea of guilty just prior to sentencing. We affirm.

On July 9, 1970, Valdez was arraigned and entered a plea of not guilty to an indictment involving narcotics violations. On August 18, 1970, Valdez, through his counsel, changed his plea to guilty to one count of the indictment. He stated that he understood the charges against him and that he voluntarily desired to enter a plea of guilty. At sentencing on September 24, 1970, his counsel requested a continuance because Valdez was not sure whether he wanted to plead guilty and wanted more time to make up his mind. The trial court treated this request as a motion to withdraw the plea of guilty and denied the motion on the ground that a sufficient showing had not been made for the withdrawal of the plea.

Valdez argues that Fed.R.Crim.P. 32 (d) should be liberally construed and that a motion to withdraw a plea of guilty prior to sentencing should be granted if for any reason the motion seems fair and just. Kercheval v. United States, 1927, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009. A liberal construction of the rule does not, however, withdraw its application from the discretionary realm. United States v. Arredondo, 5 Cir. 1971, 447 F.2d 976; Kirshberger v. United Staates, 5 Cir. 1968, 392 F.2d 782, 787.

1.  See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).